# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIE DUNBAR-KARI, | CASE NO. CV-F-09-389 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 29) |
| vs. | |
| UNITED STATES OF AMERICA, and STUART JOHNSTON, d.b.a., JOHNSTON CONSTRUCTION, | |
| Defendants. | |
| STUART JOHNSTON, d.b.a. JOHNSTON CONSTRUCTION, | |
| Cross-complainant, | |
| vs. | |
| UNITED STATES of AMERICA, | |
| Cross-defendants. / | |

## INTRODUCTION

This action arises out of a fire that burned the El Portal Market ("Market") in Yosemite National Park ('Yosemite") on April 21, 2008. Plaintiff Kristie Dunbar-Kari ("Ms. Dunbar-Kari"), who signed a six-year contract to operate the Market one month prior to the fire, alleges that the fire was caused by the negligence of defendants United States of America ("government") and Stuart Johnston, d.b.a.

1

1  Johnston Construction ("Johnston"), while Johnston was overseeing Market renovations. In addition
2  to tort claims, Mr. Dunbar-Kari's first amended complaint ("FAC") asserts four contract-based causes
3  of action against the government. In this motion, the government moves to dismiss Ms. Dunbar-Kari's
4  contract-based claims pursuant to Fed. R. Civ. P. 12(b)(1) on grounds that those claims can only be
5  adjudicated in the United States Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. §1491.
6  In addition, the government argues that Ms. Dunbar-Kari's negligent misrepresentation claim must be
7  dismissed, because the government has not waived its sovereign immunity under the Federal Tort Claims
8  Act, 28 U.S.C. §1346(b) ("FTCA") for misrepresentation claims. For the following reasons, this Court
9  GRANTS the government's motion and DISMISSES Ms. Dunbari-Kari's fourth through seventh causes
10 of action as to the government.

## Background

12  On March 31, 2008, the government, through the National Park Service, awarded Ms. Dunbar-
13 Kari a six-year concession contract (#CC-YOSE 003-08) to operate the Market. On April 21, 2008,
14 while the government and Johnston, its contractor, were renovating the Market building's structure, a
15 fire ignited. Ms. Dunbar-Kari alleges that the fire ignited due to electrical malfunctions and defects
16 caused by the negligent acts, omissions, and other conduct by the defendants. The fire destroyed the
17 Market and Ms. Dunbar-Kari's property contained inside the Market. As a result, Ms. Dunbar-Kari
18 alleges that she suffered damages in the form of lost personal property, lost future net profits from the
19 Market, lost salary, and the cost of loan payments.

20  In the FAC, Ms. Dunbar-Kari bases her future lost profits, lost salary, and cost of loan payments
21 damages on an alleged representation made by government employees after the fire. Ms. Dunbar-Kari
22 alleges that government employees told her that her six-year contract would be tolled and would begin
23 to run at the time Ms. Dunbar-Kari occupies the Market. Ms. Dunbar-Kari alleges that she secured loans
24 and expended funds to operate the Market based on the promise and representation that her contract
25 would begin to run from the time she took possession of the Market.

26  Ms. Dunbar-Kari filed her FAC on January 14, 2010 to assert seven causes of action against
27 defendants, including the following claims against the government: breach of contract (fourth cause of
28 action); reformation (fifth cause of action); negligent misrepresentation (sixth cause of action); and

declaratory relief (seventh cause of action).[1]  The government moved to dismiss Ms. Dunbar-Kari's fourth through seventh causes of action on January 28, 2010, setting the motion hearing for March 29, 2010.  Ms. Dunbar-Kari opposed the motion on March 15, 2010.  The government filed a reply on March 19, 2010.  This Court finds this motion suitable for a decision without a hearing, vacates the March 29, 2010 hearing pursuant to Local Rule 230(g), and issues the following order.

### STANDARDS OF REVIEW

#### Fed. R. Civ. P. 12(b)(1) review standards

The government contends that this Court lacks jurisdiction over Ms. Dunbar-Kari's claims pursuant to Fed. R. Civ. P. 12(b)(1).  In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction.  *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).  The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

The court must also consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also, White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In this case, the court must consider the allegations of the complaint as true.  *See Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979).  In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged.  In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

---

[1] In its motion, the government points out in a footnote that the FAC was filed ten days after the deadline set in the Scheduling Order without requesting leave of court to file.  Ms. Dunbar-Kari, also in a footnote, apologizes for the inconvenience and explains that counsel mis-calendared the filing deadline.  The government does not move to dismiss the FAC based on the untimely filing.  Accordingly, this Court takes no action on this issue.

1       The government's current motion is a is a facial attack, as the government "asserts that the
2 allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe*
3 *Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the Court "assume[s]
4 plaintiff's factual allegations to be true and draw[s] all reasonable inferences in his favor." *Doe v. Holy*
5 *See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.
6 2004)). The Court does not, however, accept the "truth of legal conclusions merely because they are
7 case in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139
8 (9th Cir. 2003) (internal quotations omitted) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th
9 Cir. 1981))

### Sovereign Immunity

11       Sovereign immunity is a jurisdictional bar to proceeding against the government. "[T]he United
12 States may not be sued without its consent and [] the existence of such consent is a prerequisite to
13 jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 211 (1983). Evidence of the government's
14 consent must be unequivocal and may not be implied. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir.
15 1998). The government's consent to suit defines the jurisdiction of the court to hear an action against
16 the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). The party asserting
17 jurisdiction has the burden to establish all jurisdictional facts. *Indust. Tectonics, Inc. v. Aero Alloy*, 912
18 F.2d 1090, 1092 (9th Cir. 1990).

### DISCUSSION

### Contract Claims

21       The government challenges Ms. Dunbar-Kari's fourth through seventh causes of action. In her
22 (fourth) breach of contract cause of action, Ms. Dunbar-Kari alleges that the government "breached the
23 concession contract" by not allowing the time of the contract to be tolled during the time of the Market
24 repairs. (FAC, ¶31). Her (fifth) reformation cause of action seeks to reform the contract based on a
25 misrepresentation, or either mutual or unilateral mistake, as to the terms of the operation of the contract.
26 (FAC, ¶38). Her (sixth) negligent misrepresentation cause of action is based on Ms. Dunbar-Kari's
27 allegation that she was promised that the six-year contract would begin at the time she occupied the
28 Market. (FAC, ¶¶43-46). Ms. Dunbar-Kari's (seventh) declaratory relief cause of action seeks a

determination of the terms of the contract; to wit, that Ms. Dunbari-Kari has a "right to six years continuous uninterrupted operation of the concession at El Portal under the concession contract." (FAC, ¶47, p. 10:19-20).

The government contends that Ms. Dunbari-Kari's contract-based claims must be dismissed because they fall within the exclusive jurisdiction of the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. §1491. The Tucker Act grants the United States Court of Federal Claims jurisdiction "to render judgment upon any claim against the United States founded upon...any express or implied contract with the United States..." 28 U.S.C. §1491(a)(1). Pursuant to this statute, the "Court of Federal Claims possesses exclusive jurisdiction of claims arising under the Tucker Act in excess of $10,000." *United States v. Park Place Assocs.*, 563 F.3d 907, 927 (9th Cir. 2009).[2] As the Ninth Circuit Court of Appeal explains:

> The Tucker Act supplies both a basis for the exercise of subject matter jurisdiction and a concomitant waiver of sovereign immunity in the Court of Federal Claims. This is a package deal–the waiver of sovereign immunity is coextensive with the jurisdiction the statute confers. The Tucker Act thus never waives sovereign immunity for suit in, nor confers jurisdiction on, the [Eastern] District of California.

*Id*. Although the "Tucker Act applies only to claims for money damages," *Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376, 1379 (9th Cir. 1981), the statute "impliedly forbids declaratory and injunctive relief" for claims rooted in contract. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985) (internal quotations omitted); *North Star Alaska v. United States*, 9 F.3d 1430 (9th Cir. 1993) (en banc) (*"North Star I"*).

This Court lacks jurisdiction over Ms. Dunbar-Kari's contract-based claims. Her (fourth) breach of contract cause of action clearly falls within the Tucker Act, conferring exclusive jurisdiction on the Court of Federal Claims. Ms. Dunbar-Kari's (fifth) reformation cause of action, which seeks to reform the contract between Ms. Dunbar-Kari and the government, is rooted in contract. *See North Star Alaska v. United States*, 14 F.3d 36, 37 (9th Cir.) (en banc), *cert. denied*, 512 U.S. 1220 (1994) (*"North Star*

---

[2] A separate provision confers district courts with concurrent jurisdiction over claims against the United States for less than $10,000. 28 U.S.C. §1346(a)(2). Ms. Dunbar-Kari may waive her right to receive more than $10,000 to satisfy this provision and obtain jurisdiction over her contract claims in this Court. *Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974, 986 (9th Cir. 2006), *readopted on reh'g*, 540 F.3d 916, 929 (9th Cir. 2008). Ms. Dunbar-Kari has not waived her right to receive more than $10,000 on her fourth through seventh causes of action.

1  *II"*) (action for reformation is based on contract and jurisdiction falls under Tucker Act). Accordingly,
2  this Court lacks jurisdiction over this claim. *Id*. Similarly, this Court lacks jurisdiction over Ms. Dunbar-
3  Kari's (sixth) negligent misrepresentation cause of action, which is based on the allegation that she was
4  promised that the six-year contract would be tolled. *North Star II, 14 F.3d at 37* (a claim that is "at its
5  essence" based on a contract is subject to the Tucker Act); *see also, Tuscon Airport Auth. v. Gen.*
6  *Dynamics Corp.*, 136 F.3d 641, 646-47 (9th Cir. 1998) (to determine whether a claim falls under Tucker
7  Act, a court considers whether claim exists independently of the contract and whether it is statutorily-
8  based). Ms. Dunbar-Kari's (seventh) declaratory relief cause of action seeks a determination of the
9  terms of the contract. The Tucker Act's remedy limitations precludes sovereign immunity to allow post-
10 contractual declaratory relief. *North Star I*, 9 F.3d at 1432 (Tucker Act does not permit court to grant
11 equitable or declaratory relief in contract dispute).

12 Ms. Dunbar-Kari concedes that the Tucker Act confers exclusive jurisdiction to the Court of
13 Federal Claims for implied or express contract claims exceeding $10,000. Ms. Dunbar-Kari argues,
14 however, that under the FTCA, this Court may consider the terms of a contract. Additionally, Ms.
15 Dunbar-Kari argues that subject matter jurisdiction exists over her contract claims because the
16 government raised a contract-based affirmative defense in its answer filed in response to her initial
17 complaint. For the following reasons, Ms. Dunbar-Kari's arguments fail to establish subject matter
18 jurisdiction over her fourth through seventh causes of action.

19 Ms. Dunbar-Kari erroneously relies on the FTCA, 28 U.S.C. §1346(b), to establish subject matter
20 over her contract-based claims. "The FTCA is the exclusive remedy for *tortious conduct* by the United
21 States." *Federal Deposit Ins. Corp. v. Craft*, 157 F.3d 697, 716 (9th Cir. 1998) (emphasis added); *see*
22 *also* 28 U.S.C. §2679. Ms. Dunbar-Kari may not rely on the FTCA to establish subject matter
23 jurisdiction over her claims rooted in contract. *See Woodbury v. United States*, 313 F.2d 291 (9th Cir.
24 1963) ("where 'tort' complained of is based entirely upon" a breach of contract, jurisdiction does not
25 lie in FTCA). Ms. Dunbar-Kari establishes that this Court may consider the contract terms as they bear
26 on the tort claims asserted under the FTCA, *Ft. Vancouver Plywood Co. v. United States*, 860 F.3d 409
27 (9th Cir. 1988); however, this argument is inapposite to the instant motion and fails to establish that this
28 Court has subject matter jurisdiction over Ms. Dunbari-Kari's contract claims.

Similarly, Ms. Dunbar-Kari's reliance on the government's affirmative defense is misplaced. An affirmative defense that arises under federal law does not create federal subject matter jurisdiction. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Subject matter jurisdiction must appear on the face of the complaint. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) (jurisdiction based on "well pleaded complaint rule"). Moreover, an amended complaint supercedes a previous complaint, rendering the government's answer to Ms. Dunbar-Kari's complaint superceded. *See e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991); *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956) ("[A]n amended pleading supercedes the original, the latter being treated thereafter as non-existent."). Accordingly, Ms. Dunbar-Kari fails to carry her burden to prove subject matter jurisdiction over her fourth through seventh causes of action.

While this Court has jurisdiction over Ms. Dunbar-Kari's tort claims pursuant to the FTCA, this Court lacks jurisdiction over her claims against the government rooted in contract. Ms. Dunbar-Kari is "required to file separate actions seeking recovery in tort and contract due to the jurisdictional scheme of our court system." *Ft. Vancouver Plywood Co.*, 860 F.2d at 415. Accordingly, this Court dismisses Ms. Dunbar-Kari's fourth through seventh causes of action as to the government.

### Negligent Misrepresentation

Ms. Dunbar-Kari's (sixth) negligent misrepresentation claim is dismissed for the additional reason that the government has not waived its sovereign.[3] Pursuant to 28 U.S.C. §2680(h), the FCTA's waiver of sovereign immunity does not apply to "[a]ny claim arising out of...misrepresentation...with contract rights." The government is not liable for injuries "resulting from commercial decisions made in reliance on government misrepresentations." *Rich Products Corp. v. United States*, 804 F. Supp. 1270, 1273 (E.D. Cal. 1992) (citing *Guild v. United States*, 685 F.2d 324, 325 (9th Cir. 1982)); *see also, United States v. Neustadt*, 366 U.S. 696, 702 (1961). "Therefore, to the extent that [a plaintiff's] complaint alleges a misrepresentation claim [against the government], it must be dismissed." *Rich Products*, 804 F. Supp. at 1273.

///

---

[3] This alternate ruling applies to the extent that Ms. Dunbar-Kari's (sixth) negligent misrepresentation claim is based on a tort claim.

**CONCLUSION**

For the foregoing reasons, this Court:

1. GRANTS the government's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction Ms. Dunbari-Kari's fourth through seventh causes of action as to the government; and

2. VACATES the March 29, 2010 hearing on this motion.

IT IS SO ORDERED.

**Dated:   March 23, 2010**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE