1  BENJAMIN B. WAGNER
   United States Attorney
2  ALYSON A. BERG
   Assistant United States Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone:  (559) 497-4000
5  Facsimile:  (559) 497-4099

6  Attorneys for Defendant and Cross-Defendant
           United States of America

7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11 KIRSTIE DUNBAR-KARI,          )   1:09-cv-00389-LJO-SMS
                                 )
12          Plaintiff,           )   STIPULATION TO PROTECTIVE ORDER
                                 )   REGARDING PRODUCTION OF
13     v.                        )   CONFIDENTIAL FINANCIAL
                                 )   INFORMATION; ORDER RE SAME
14 UNITED STATES OF AMERICA;     )
   STUART JOHNSTON, dba JOHNSTON )
15 CONSTRUCTION,                 )
                                 )
16          Defendants.          )
   _____)
17                               )
   STUART JOHNSTON dba JOHNSTON   )
18 CONSTRUCTION,                 )
                                 )
19          Cross-Complainant,   )
                                 )
20     v.                        )
                                 )
21 UNITED STATES OF AMERICA and  )
   ROES 1 to 50,                 )
22                               )
            Cross-Defendants.    )
23                               )
   _____)

24      Plaintiff Kirstie Dunbar-Kari ("Plaintiff"),Defendant and

25 Cross-Defendant United States of America ("United States") and

26 Defendant and Cross-Complainant Stuart Johnston dba Johnston

27 Construction ("Johnston") (collectively "the parties") stipulate,

28 by and through the undersigned counsel, as follows:

                              1

1    WHEREAS the parties seek to use financial information

2  relating to the operation of the El Portal Market, including

3  financial information of the current concessionaire, Plaintiff,

4  and the prior concessionaire, Vaughn, Vaughn & Carter;

5    WHEREAS, such financial information is arguably protected

6  from disclosure pursuant to financial privacy rights and/or

7  competitive proprietary rights;

8    WHEREAS, the parties wish to protect the privacy rights of

9  the United States, Plaintiff and any other third parties,

10 including but not limited to the prior concessionaire of the El

11 Portal Market, from unauthorized and/or unnecessary disclosure;

12   WHEREAS, the parties also wish to prevent the possibility of

13 any misuse or unnecessary disclosure of the financial

14 information, regardless of any privacy rights;

15   THE PARTIES THEREFORE STIPULATE, and pending further order

16 of the Court, that the following procedures designed to ensure

17 the protection of this financial information shall govern all

18 forthcoming pre-trial discovery proceedings:

19   1.   Financial documentation, as well as all information

20 contained therein, are hereby designated as "confidential

21 financial information" that is privy to rights of privacy and

22 subject to this stipulated Protective Order.

23   2.   This confidential financial information may be shown,

24 or its contents disclosed only to the following persons:

25        (a)   Counsel of record in this action and counsel's

26        agents and employees;

27 ///

28 ///

1    (b)   Any expert used as a consultant or intended to be

2    called as a witness who is retained by counsel of

3    record to assist in the preparation and/or trial of

4    this case; and

5    (c)   The parties to this action and their agents and

6    employees.

7    Confidential financial information designated as subject to

8    this Protective Order shall not be disclosed or shown to any

9    other person or entity.

10    3.   Confidential financial information designated as

11    subject to this stipulated Protective Order or any information

12    derived therefrom shall be used solely for the purpose of the

13    disputed claims and defenses in connection with this litigation

14    and not for any other purpose.

15    4.   The parties' respective counsel of record each agree to

16    make all reasonable efforts to ensure compliance with this

17    Protective Order.  Any persons referred to in paragraphs 2(b) and

18    (c) of this stipulated Protective Order who receives information

19    designated as confidential financial information pursuant to this

20    stipulated Protective Order shall first read a copy of this

21    stipulated Protective Order and agree in writing to abide by the

22    terms thereof.  Any persons referred to in paragraphs 2(b) and

23    (c) who review any confidential financial information shall agree

24    to the terms of the Stipulation and execute Exhibit A attached

25    hereto.

26    5.   The parties enter into this stipulated Protective Order

27    without prejudice to any party's right to object to the

28    disclosure of any information on any ground that it/he/she may

deem appropriate, and any party or non-party may, upon motion,

1  seek relief from, or modification of, this Protective Order based

2  on a showing of good cause.

3      6.   The designation of any information as "confidential

4  financial information" pursuant to this Protective Order is

5  intended solely to facilitate the preparation of this case for

6  trial.  No party shall be obligated to challenge the propriety of

7  any designation by the opposing party, and a failure to do so

8  shall not preclude a subsequent attack on the propriety of any

9  "confidential financial information" designation.

10     7.   If confidential financial information is improperly

11 disclosed to any person other than in the manner authorized by

12 this Protective Order, the party responsible for the disclosure

13 must immediately inform the other party of all pertinent facts

14 relating to such disclosure (including the name and address of

15 each person to whom disclosure was made), promptly retrieve the

16 improperly disclosed confidential financial information and shall

17 make reasonable efforts to prevent further disclosure by said

18 authorized person(s).

19     8.   The parties agree that, prior to commencement of trial,

20 they will enter into mutually agreeable stipulations and

21 protective orders with respect to any confidential financial

22 information to be disclosed during trial.  Any unresolved

23 disputes shall be resolved in accordance with the Federal Rules

24 of Civil Procedure and addressed within the parties' pretrial

25 statements.  Any party intending to utilize any confidential

26 financial information designated as confidential in a law and

27 motion matter or at trial should lodge the document under seal so

28 as to preserve its confidentiality pending the Court's

determination regarding whether a privilege exists that precludes

1   the use of the document or other information as evidence or

2   determining what safeguards should be utilized if the

3   confidential financial information is to be considered as

4   evidence.

5       9.   Upon final determination of this action, unless

6   otherwise agreed to in writing by opposing counsel, each party

7   shall either:

8            (a)   Assemble and return all material designated as

9            protected confidential financial information under this

10           Protective Order, including all copies thereof, to the

11           producing party and certify in writing that all such

12           material has been returned; or

13            (b)   Certify in writing that all such material has been

14           destroyed.

15       10.   If any person breaches this stipulated Protective

16   Order, any person may notice a hearing to the District Court

17   requesting appropriate relief.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25       11.   All parties to this Protective Order have participated

26   in drafting the Order.

27                   Respectfully submitted,

28   Dated: August 25, 2010        BENJAMIN B. WAGNER
                              United States Attorney

1

2          /s/Alyson A. Berg
          ALYSON A. BERG

3          Attorneys for Defendant and
          Cross-Defendant United States
          of America

4

5          McCormick, Barstow, Sheppard
          Wayte & Carruth LLP

6

7          (as authorized on 8/23/10)

8          /s/Wade M. Hansard
          WADE M. HANSARD
          Attorneys for Plaintiff

9

10         Jacobson, Hansen, Najarian &
          McQuillan

11         (as authorized on 8/24/10)

12

13         /s/Leith B. Hansen
         LEITH B. HANSEN

14         Attorneys for Defendant
         Stuart Johnston

15

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Exhibit A

    I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation entered into in <u>Dunbar-Kari v. United States of America, et al</u>, United States District Court for the Eastern District of California, Case No. 1:09-cv-00389 and hereby agree to comply with and be bound by the terms and conditions of said Stipulation.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date:              _____

                                       Name

/// 

/// 

/// 

**IT IS SO ORDERED.**

**Dated:   August 25, 2010**              **/s/ Sandra M. Snyder**
                            UNITED STATES MAGISTRATE JUDGE