**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIRSTIE DUNBAR-KARI,<br><br>            Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA, and STUART JOHNSTON, d.b.a., JOHNSTON CONSTRUCTION,<br><br>            Defendants.<br>_____<br>STUART JOHNSTON, d.b.a. JOHNSTON CONSTRUCTION,<br><br>            Cross-complainant,<br><br>     vs.<br><br>UNITED STATES of AMERICA,<br><br>            Cross-defendants.<br>_____/ | CASE NO. CV-F-09-0389 LJO SMS<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 42) |

## **INTRODUCTION**

This action arises out of a fire that burned the El Portal Market ("Market") in Yosemite National Park ('Yosemite") on April 21, 2008. Plaintiff Kirstie Dunbar-Kari ("Ms. Dunbar-Kari"), who signed a six-year contract to operate the Market one month prior to the fire, alleges that the fire was caused by the negligence of defendants United States of America ("government") and Stuart Johnston, d.b.a.

1

Johnston Construction ("Johnston"), while Johnston was overseeing Market renovations.

By notice filed on September 23, 2010, Defendant United States moves to dismiss the second and third claims in first amended complaint ("FAC") pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff Kirstie Dunbar-Kari filed an opposition to the motion on October 11, 2010. The government filed a reply brief on October 18, 2010. Pursuant to Local Rule 230(g), this motion was submitted on the pleadings without oral argument, and the hearing set for October 25, 2010 was VACATED. Having considered the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order.

## BACKGROUND

On March 31, 2008, the government, through the National Park Service, awarded Ms. Dunbar-Kari a six-year concession contract (#CC-YOSE 003-08) to operate the Market. On April 21, 2008, while the government and Johnston, its contractor, were renovating the Market building's structure, a fire ignited. Ms. Dunbar-Kari alleges that the fire ignited due to electrical malfunctions and defects caused by the negligent acts, omissions, and other conduct by the defendants. The fire destroyed the Market and Ms. Dunbar-Kari's property contained inside the Market. As a result, Ms. Dunbar-Kari alleges that she suffered damages in the form of lost personal property, lost future net profits from the Market, lost salary, and the cost of loan payments.

In the FAC, Ms. Dunbar-Kari alleges that before April 21, 2008, Marty Nielson, the Division Chief of the Business and Revenue Management Division of the Yosemite National Park represented to Plaintiff over the telephone that the NPS did not require her to carry insurance for the Market until she took physical occupancy of the Market after the renovations were completed. Ms. Dunbar-Kari alleges that this representation was confirmed by an e-mail dated April 8, 2008 from Mr. Nielson to Plaintiff, which stated "[p]er our conversation this morning, the National Park Service does not require that you carry property insurance on the market building until you occupy the structure." Ms. Dunbar-Kari alleges that based on the representations by the NPS to her that she was not required to carry insurance for the Market until she took occupancy of the structure after the renovations were completed. Ms. Dunbar-Kari alleges that the government has waived, and is estopped from relying upon, any provision of the concession contract (including, but not limited to the provisions of the concession

contract) requiring Ms. Dunbar-Kari to carry insurance for the Market at the time of the fire.

Ms. Dunbar-Kari filed her FAC on January 14, 2010 to assert seven causes of action against defendants. By prior motion by the government and order thereon, this Court dismissed the following claims against the government: breach of contract (fourth cause of action); reformation (fifth cause of action); negligent misrepresentation (sixth cause of action); and declaratory relief (seventh cause of action). This Court granted that motion on the basis of lack of subject matter jurisdiction because the Tucker Act conferred exclusive jurisdiction to the Court of Federal Claims. (Doc. 33, March 23, 2010 Order.)

In this motion, the government moves to dismiss the second cause of action for waiver and the third cause of action for estoppel on the basis that the Court lacks subject matter jurisdiction. The second cause of action states in pertinent part, that the government:

> "by representing to her that she was not required to carry property insurance on the building structure of El Portal Market until she took occupancy . . . Defendant UNITED STATES OF AMERICA, ha[s] waived any right to enforce any agreement between Plaintiff KARI and the National Park Service requiring Plaintiff KARI to carry property insurance on the building structure of El Portal Market at the time of the April 21, 2008 fire as well as having waived any use of such requirement in defense or mitigation of the within action. (Doc. 28, FAC, ¶ 23.)

The third cause of action for estoppel alleges in pertinent part that: the government "is estopped from enforcing any agreement between the National Park Service and Plaintiff KARI requiring Plaintiff KARI to carry property insurance on the building structure of El Portal Market at the time of [the] April 21, 2008 fire as well as being estopped from any use of such requirement in defense or mitigation." (Doc. 28, FAC ¶24.)

Several provisions of the Concession contract[1] deal with insurance and liability for conduct. For instance, Concession contract §11(b) states that, "The concessioner shall obtain and maintain during the entire term of this Contract at its sole cost and expense, the types and amounts of insurance coverage necessary to fulfill the obligation of this Contract as determined by the Director." (Doc. 42, Exh. A,

---

[1] The concession contract is attached as an Exhibit to this motion. (Doc. 42, Exh. A to Berg Decl.) For purposes of this motion, Plaintiff does not dispute that Exhibit A is the concession contract CC-YOSE 003-08. (See Doc. 43, Opposition p. 3.)

1  p15.)  The Concession contract also provides that the "Concessioner shall provide fire and extended
2  insurance coverage on Concession Facility for all or part of their replacement cost . . ."  The Concession
3  contract §11(a) provides for the concessioner to indemnify and hold harmless the government under
4  certain circumstances.  The contract contains an integration clause which provides that the contract is
5  "the sole and entire agreement," and "[n]o oral representations" may amend the contract. (Doc. 42, Exh.
6  A p.21.)

## STANDARD OF REVIEW

### Fed. R. Civ. P. 12(b)(1) review standards

The government contends that this Court lacks jurisdiction over Ms. Dunbar-Kari's claims pursuant to Fed. R. Civ. P. 12(b)(1).  In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78, 114 S.Ct. 1673 (1994).  The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise.  *Kokkonen*, 511 U.S. at 376.

The court must also consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004); *see also, White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005).  In this case, the court must consider the allegations of the complaint as true. *See Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979).  In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged.  In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

The government's current motion is a is a facial attack, as the government "asserts that the

allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 489 U.S. 1052 (1989). In a facial attack, the Court "assume[s] plaintiff's factual allegations to be true and draw[s] all reasonable inferences in his favor." *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)). The Court does not, however, accept the "truth of legal conclusions merely because they are case in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981))

### Sovereign Immunity

Sovereign immunity is a jurisdictional bar to proceeding against the government. "[T]he United States may not be sued without its consent and [] the existence of such consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 211 (1983). Evidence of the government's consent must be unequivocal and may not be implied. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). The government's consent to suit defines the jurisdiction of the court to hear an action against the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204 (1988). The party asserting jurisdiction has the burden to establish all jurisdictional facts. *Indust. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

The government has wived its sovereign immunity in certain circumstances. The Tucker Act waives the United States's sovereign immunity in suits in the Court of Federal Claim for damages based upon contract. *See* 28 U.S.C. §1346(a)(2); *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1084 (9th Cir. 2010). For tort claims, the Federal Tort Claims Act ("FTCA") is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). The issue, here, is whether the third and fourth causes of action fall within the FTCA such that this Court has jurisdiction.

### **DISCUSSION**

Ms. Dunbar-Kari argues that this Court has subject matter jurisdiction pursuant to the FTCA. Plaintiff argues that the damages she seeks in the wavier and estoppel claims arise out of the negligent

5

conduct of the government's employee and do not arise out of the Concession contract. Plaintiff argues that the government's liability arises out of tort and not for breach of the Concession contract.

The government contends that Ms. Dunbar-Kari's waiver and estoppel claims must be dismissed because the grant of jurisdiction under the FTCA does not extend to claims for intentional or negligent misrepresentation. The government contend the claims should be dismissed because the government cannot be sued for money damages based on erroneous oral and written advice. *Office of Personnel Mgt. v. Richmond*, 496 U.S. 414, 416 (1990).

## Determining the Character of the Claims[2]

An action against the United States which is "at its essence" a contract claim lies within the Tucker Act and that a district court has no subject matter jurisdiction. If a plaintiff's claim is "concerned solely with rights created within the contractual relationship and has nothing to do with duties arising independently of the contract the claim is founded upon a contract with the United States' and is therefore within the Tucker Act and subject to its restrictions on relief." *North Star Alaska v. U.S.*, 14 F.3d 36, 37 (9th Cir. 1994), citing *North Side Lumber v. Block*, 753 F.2d 1482, 1486 (9th Cir.), *cert. denied*, 474 U.S. 931, 106 S.Ct. 265, 88 L.Ed.2d 271 (1985). *See also Megapulse v. Lewis*, 672 F.2d 959, 968 (D.C.Cir.1982) (Whether an action is founded upon a contract for purposes of the Tucker Act "depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought (or appropriate)."). "The FTCA is the exclusive remedy for *tortious conduct* by the United States." *Federal Deposit Ins. Corp. v. Craft*, 157 F.3d 697, 716 (9th Cir. 1998) (emphasis added); *see also* 28 U.S.C. §2679. Ms. Dunbar-Kari may not rely on the FTCA to establish subject matter jurisdiction over her claims rooted in contract. *See Woodbury v. United States*, 313 F.2d 291 (9th Cir. 1963) ("where 'tort' complained of is based entirely upon" a breach of contract, jurisdiction does not lie in FTCA)

The Court must examine the "the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought." *North Star Alaska*, 14 F.3d at 37. The determination of whether a particular claim is essentially one in tort or one in contract, must be made on a case by case basis by

---

[2] Plaintiff cites *Karlen v. United States*, 727 F.Supp. 544, 546 (D.S.D. 1989) for the proposition that determining the character of a claim is a three step analysis. This case is outside of this circuit and not binding on this Court.

assessing the extent to which the contract is implicated in the claim asserted. *Darko v. U.S., Dept. of Agriculture, Farmers Home Admin.*, 646 F.Supp. 223, 227 (D.Mont. 1986). In *Fort Vancouver Plywood Company v. United States*, 747 F.2d 547 (9th Cir.1984), the court was faced with determining the character of a claim before it as either tort or contract. Plaintiff had entered into a timber sales contract with the United States Forest Service. A fire, allegedly caused by the negligence of the Forest Service, destroyed both cut and standing timber on Fort Vancouver's sale site. Fort Vancouver filed a negligence action for monetary damages under the Federal Tort Claims Act. The district court, however, dismissed the action for want of subject matter jurisdiction, concluding that Fort Vancouver's claim had its basis in contract rather than tort. *Fort Vancouver*, 747 F.2d 549. In reversing that decision, the Ninth Circuit reviewed a number of cases that addressed the application of the FTCA to a claim for damages which potentially could have been prosecuted as a breach of contract claim. The Court held that there was subject matter jurisdiction on the negligence claims: "In this case the contract establishes ownership interests, but otherwise is not implicated. The contract does not allocate liability under the circumstances presented by this case." *Id.* at 552. In *Walsh v. United States*, 672 F.2d 746 (9th Cir.1982), the government granted a cattle easement to plaintiff, then rendered the easement useless by damaging the cattleguards. In both cases, *Vancouver* and *Walsh*, the Ninth Circuit held that the plaintiffs' claims were within the district courts' jurisdiction under the FTCA, because they were traditional negligence claims not grounded in the plaintiffs' contractual relationship with the government. *See Fort Vancouver*, 747 F.2d at 552; *Walsh*, 672 F.2d at 751. The plaintiffs' contractual relationship with the government was incidental to their cause of action. For purposes of their tort suits, it made no difference if they had not been in contractual privity with the government.

Here, however, Ms. Dunbar-Kari's contract with the government is not incidental to the claims for waiver and estoppel. Both claims rely upon express contract provisions and assert the contract's provisions have "no force" because of the representations of the government officials. Both claims squarely place the contract terms at center stage, because the claims seek to negate the contract terms. Plaintiff seeks to have this Court determine that certain provisions of the contract are "waived" and certain provisions are "estopped" from being enforced. Each claim is based on the existence of promises created by the contract and the parties conduct in relation to those promises. For instance, the contract

7

1  provides that Ms. Dunbar-Kari must obtain and maintain insurance, yet she claims that the provision is
2  "waived" and the government is estopped to enforce the provision. (Doc. 28, FAC ¶¶23, 24.) The duty
3  and obligation for insurance arose solely from the parties' contractual arrangement, not by any
4  independent operation of law.  The waiver and estoppel arguments are made precisely because Ms.
5  Dunbar-Kari is in privity with the government. Thus, the contract is not merely incidental to the
6  consideration of whether there was "waiver" and "estoppel;" the contract is directly at issue.  Therefore,
7  the waiver and estoppel claims are those bases upon the parties' promises and obligations under the
8  contract.

9  While this Court has jurisdiction over Ms. Dunbar-Kari's tort claim pursuant to the FTCA, this
10 Court lacks jurisdiction over her claims against the government rooted in contract.  The waiver and
11 estoppel claims are rooted in contract. Ms. Dunbar-Kari is "required to file separate actions seeking
12 recovery in tort and contract due to the jurisdictional scheme of our court system." *Ft. Vancouver*
13 *Plywood Co.*, 860 F.2d at 415.  Accordingly, this Court dismisses Ms. Dunbar-Kari's second and third
14 causes of action against the government.

15 **Estoppel and Waiver based upon Representations**

16 The government argues that the grant of jurisdiction under the FTCA does not apply to claims
17 for intentional or negligent misrepresentation.  The government argues the estoppel and waiver claims
18 are premised on the alleged "representations" that Ms. Dunbar-Kari was not required to have insurance
19 until she occupied the Market, for which she now claims money damages for the uninsured inventory
20 and equipment.

21 The government relies upon *Office of Personnel Management v. Richmond,* 496 U.S. 414, 110
22 S.Ct. 2465, 2470-71, 2472, 110 L.Ed.2d 387 (1990) for the proposition that estoppel may not be used
23 against the government. In *Richmond*, the Court decided litigants may not use the doctrine of estoppel
24 offensively, to support "a claim for payment of money from the Public Treasury contrary to a statutory
25 appropriation." *Id.* at 2471 The federal government "may not be estopped on the same terms as any other
26 litigant" from insisting on compliance with legal requirements. *Heckler v. Community Health Servs.,*
27 *Inc.*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224 (1984); *see also Schweiker v. Hansen*, 450 U.S. 785, 788,
28 101 S.Ct. 1468 (1981) ( per curiam ). Because the federal government's "fiscal operations are so various,

and its agencies so numerous and scattered," there is always a risk that misinformed agency employees and representatives may err in interpreting statutes and regulations, and even "the utmost vigilance would not save the public from the most serious losses." *Wagner v. FEMA*, 847 F.2d 515, 519 (9th Cir.1988) (quoting *United States v. Kirkpatrick*, 22 U.S. (9 Wheat.) 720, 735 (1824)).

The Court does not reach this argument because the claims for waiver and estoppel are barred pursuant to the Tucker Act since they are rooted in contract.

## CONCLUSION

For the foregoing reasons, this Court GRANTS the motion to dismiss the second and third causes of action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

**Dated:  November 1, 2010**                              /s/ Lawrence J. O'Neill
                                                                                   UNITED STATES DISTRICT JUDGE