IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIE DUNBAR-KARI,<br><br>              Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | CASE NO. CV-F-09-389 LJO SMS<br><br>**ORDER ON PARTIES' MOTIONS IN LIMINE** (Docs. 67-72) |

## INTRODUCTION

This action arises out of a fire that burned the El Portal Market ("Market") in Yosemite National Park ('Yosemite") on April 21, 2008. Plaintiff Kristie Dunbar-Kari ("Ms. Dunbar-Kari"), who was awarded a six-year concession contract to operate the Market one month prior to the fire, alleges that the fire was caused by the negligence of defendant United States of America ("government").

The parties filed motions in limine on December 16, 2010, and oppositions to the motions on December 22, 2010. The Court has read and reviewed the parties' arguments and oppositions, including applicable legal authority and attachments. Having considered the parties arguments, this Court finds these motions suitable for a decision without a hearing. Accordingly, this Court VACATES the January 5, 2011 hearing on these motions pursuant to Local Rule 230(g) and issues the following order.

///

///

**M<small>S</small>. D<small>UNBAR</small>-K<small>ARI</small>'<small>S</small> M<small>OTION TO</small> E<small>XCLUDE</small> T<small>ESTIMONY OF</small> G<small>OVERNMENT</small>'<small>S</small> E<small>XPERT</small> C<small>YRILLIS</small> H<small>OLMES</small> (Doc. 67)**

After reviewing the government's opposition, there appears to be nothing to preclude. There is no need to preclude government expert witness Cyrillis Holmes from testifying about the origin or cause of the fire, since he is being offered as an expert to rebut and discredit Ms. Dunbar-Kari's expert Nolen's findings regarding a "flawed and complete investigation." Expert Cyrillis Holmes has no opinion on causation and will not be offering such an opinion at trial. The motion, therefore, is DENIED as moot.

**G<small>OVERNMENT</small>'<small>S</small> M<small>OTION TO</small> E<small>XCLUDE</small> E<small>VIDENCE OF</small> C<small>LAIMED</small> P<small>ROMISE OF</small> S<small>EVENTH</small> Y<small>EAR</small> <small>OF</small> C<small>ONCESSION</small> C<small>ONTRACT</small> (Doc. 68)**

The contract, by express provision, has as its term March 1, 2008 through May 31, 2014 (Section 1, page one of the concession contract, dated March 31, 2008). Should liability be established, any fire-caused losses claimed flowing from the contract shall be limited to those dates. The Tucker Act, 28 U.S.C. §1491(a)(1) is not pertinent to the ruling on this motion.

**G<small>OVERNMENT</small>'<small>S</small> M<small>OTION TO</small> E<small>XCLUDE</small> E<small>VIDENCE OF</small> F<small>AULTY</small> C<small>OOLERS</small> (Doc. 69)**

This motion contains a faulty premise; to wit: that Ms. Dunbar-Kari seeks damages fro malfunctioning coolers post-fire at the new store. What Ms. Dunbar-Kari seeks is to have the affect of the coolers' malfunction on the post-fire profits considered in an off-set that the government is claiming. Accordingly, this motion is DENIED.

**G<small>OVERNMENT</small>'<small>S</small> M<small>OTION TO</small> E<small>XCLUDE</small> E<small>VIDENCE OF</small> L<small>OAN</small> P<small>AYMENTS</small> (Doc. 70)**

Any loans that Ms. Dunbar-Kari took out to finance or operate the new Market at the new location would need to be serviced. Those expenses would reduce the net profit figure for the new market. The net profit figure is the appropriate amount to use on the government's claimed set-off amount. To the extent that the loan be considered in this manner, the government's motion is DENIED.

///

///

**GOVERNMENT'S MOTION TO EXCLUDE WITNESSES NOT PREVIOUSLY IDENTIFIED FROM TESTIFYING AT TRIAL (Doc. 71)**

The government moved to exclude the testimony of four witnesses: (1) Ms. Dunbar-Kari's husband, David Kari; (2) Sheila Davis, an account representative from Leap Carpenter Kemps insurance agency; (3) a person most knowledgeable (PMK) from the insurance agency; and (4) Yosemite investigator Jeff Sullivan.

As to David Kari, the motion is DENIED. There was actual notice of his existence, of his relevance, and of the intent to claim his loan as a part of damages as early as September 22, 2009 (when Ms. Dunbar-Kari's deposition was taken). There is no surprise. In addition, there is nothing before the Court to show prejudice, i.e., that the government would have done something different had there been the alternative type of notice (Fed. R. Civ. P. 265).

As to Sheila Davis and the PMK from the insurance agency, this motion is DENIED. These disclosed witnesses to not fit within the statutory basis of the motion, in that they are solely rebuttal witnesses.

As to Jeff Sullivan, the government's motion is GRANTED. Knowing of one's existence alone does not make non-disclosure harmless. Had there been a discovery designation concern against the government, motions during discovery are appropriate, but here were not brought. Disclosure under Fed. R. Civ. P. 26 was required, but the requirement was not met. In addition, there appears to be an improper desire to discover the case with this witness as trial (Opposition, 3:3-4).

**GOVERNMENT'S MOTION TO EXCLUDE NEW DOCUMENTS AT TRIAL (Doc. 72)**

The government knew about the existence of loan documents, having been provided testimonial evidence at Ms. Dunbar-Kari's deposition on September 22, 2009 and July 15, 2010 concerning the loan. The government made the appropriate request to produce. Ms. Dunbar-Kari ignored Fed. R. Civ. P. 26 obligations as well as her responsibility to respond timely to the document request. To provide such

3

1  documents after discovery cut-off, after expert analysis, and after expert opinions rendered (both in
2  reports and depositions) constitutes prejudice.  Accordingly, this motion is GRANTED.

4  IT IS SO ORDERED.
5  Dated:     December 28, 2010                    /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE